FILED
U.S. DISTRICT COURT

2006 OCT 13  A 11: 35

*J. Talliaffero*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOBBY DOTSON,                                    :
                                                 :
                  Plaintiff,                     :
                                                 :
        v.                                       :        CIVIL ACTION NO.: CV606-065
                                                 :
CORY ALLEN; SOPHIA ARTHUR,                       :
and JENNIFER CORBITT,                            :
                                                 :
                  Defendants.                    :


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendants have filed a Pre-Answer Motion to Dismiss, and Plaintiff has filed a Response. For the following reasons, Defendants' Motion to Dismiss should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff alleges that Defendant Allen assaulted him twice, and that Defendant Arthur participated in the second assault. Plaintiff further contends that Defendant Arthur failed to take action to mitigate the situation and to protect Plaintiff from harm during this incident. Plaintiff contends that Defendant Corbitt refused to give him necessary medical treatment following this incident.

Defendants contend that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Defendants assert that, as a

AO 72A
(Rev. 8/82)

result of this failure, Plaintiff's Complaint should be dismissed pursuant to 42 U.S.C.A. § 1997e(a) and FED. R. CIV. P. 12(b)(6).

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996).  In making this determination, a court must construe the complaint in a light most favorable to the plaintiff.  Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed. 2d 413 (2002).  Furthermore, all facts alleged by the plaintiff must be accepted as true.  Christopher, 536 U.S. at 406, 122 S. Ct. at 2182.  When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims."  Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986).  The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss.  Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)).  A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

2

## DISCUSSION AND CITATION TO AUTHORITY

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts.  Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Id. at 523, 122 S. Ct. at 987.  Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)).  The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Defendants assert that the Georgia Department of Corrections has a three-step grievance procedure in place.  An inmate must file an informal grievance, and, if he is dissatisfied with the Warden's response, he can file a formal grievance.  SOP IIB05-0001(C)(1).  The Warden then has 30 days in which to either respond to the inmate's formal grievance or to notify the inmate that he is utilizing a one time ten day extension.  SOP IIB05-0001(C)(14); SOP IIB05-0001(A)(11).  Where the time for response is

3

exceeded, the inmate may appeal to the Commissioner's Office.  SOP IIB05-0001(A)(11).

Defendants contend that Plaintiff filed formal Grievance number 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 on January

24, 2006 in reference to the alleged use of excessive force.  (Def.'s Br., p. 3).  Defendants

assert that this grievance was referred to internal investigations and that the Warden has

neither responded nor has he requested the ten day extension of time to respond.  (Id.).

Defendants further assert that, despite the Warden's failure to respond, Plaintiff has filed

no appeal with the Commissioner's Office and thus has failed to exhaust all available

administrative remedies.  (Id.).

Plaintiff contends that after the Warden failed to respond to his formal grievance,

he repeatedly inquired as to the status of the grievance and repeatedly requested an

appeal form.  The evidence before this Court includes a February 26, 2006 letter from

Plaintiff to the grievance coordinator requesting an appeal form.  (Doc. No. 1, p. 14).

Plaintiff asserts that he received no response to this letter.  (Doc. No. 19, p. 3).  The

evidence also includes a March 5, 2006 letter from Plaintiff to the grievance coordinator

requesting a response and an appeal form.  (Doc. No. 1, p. 15).  A March 6, 2006

memorandum from the grievance office advised Plaintiff that the grievance was sent to the

Internal Investigations Unit due to the nature of its allegations, but does not indicate the

transmission of an appeal form to Plaintiff.  (Doc. No. 1, p. 19).  Plaintiff also asserts that

he filed both an informal and a formal grievance complaining of the Warden's failure to

respond to his grievance concerning his excessive force claims.   (Doc. No. 19, p. 3).

While it is clear that Plaintiff did not appeal the Warden's failure to respond, Plaintiff

contends that he was unable to exhaust his administrative remedies because prison

officials refused to send him appeal forms upon his request and that consequently,

AO 72A
(Rev. 8/82)

remedies were not "available" within the meaning of 42 U.S.C. § 1997(e)(a). While "available administrative remedies" does not mean that the remedies must be adequate, it does mean that the exhaustion process must be available to the inmate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). Indeed, in determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were *available* and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11 th Cir. 1999) (emphasis added). However, there is little case law addressing what constitutes "available" administrative remedies. In Hall v. Richardson, 144 Fed. Appx. 835 (11th Cir. 2005), the Eleventh Circuit chose not to address the issue of whether the denial of grievance forms by jail officials would render administrative remedies "unavailable." Id. at 836. Instead, that court merely noted that "[t]he Supreme Court has explained that 'available' refers to 'the possibility of some relief for the action complained of.' " Id. (quoting Booth v. Churner, 532 U.S. 731, 738, 121 S. Ct. 1819, 1824, 149 L. Ed. 2d 958 (2001)). Several courts have found rare circumstances in which the otherwise mandatory exhaustion requirement may be excused or in which administrative remedies are not truly "available" within the meaning of the PLRA. See, e.g., Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (holding that inmate's claims were improperly dismissed where district court failed to consider allegations that inmate was denied grievance forms); Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (finding that exhaustion defense is estopped if prison officials hinder inmate in exhausting administrative remedies); Aceves v. Swanson, 75 Fed. Appx. 295, 296 (5th Cir. 2003) (finding remedies are "unavailable" where prison officials refuse to give inmate grievance forms despite inmate's requests).

5

Construing the complaint in a light most favorable to Plaintiff, dismissal is not appropriate. If, in fact, prison officials refused to provide Plaintiff with an appeal form, then the Court cannot dismiss Plaintiff's action based on Defendants' contentions that Plaintiff failed to appeal and exhaust. The Plaintiff argues that his failure to exhaust was a direct result of actions of prison officials. If the evidence shows that Plaintiff's requests for the forms were indeed refused, Plaintiff would have indeed exhausted all of his "available" administrative remedies, as he would no longer have had "the possibility of some relief for the action complained of." See Booth, 532 U.S. at 738, 121 S. Ct. at 1824. If prison officials refuse to facilitate the grievance procedure, then the grievance procedure cannot truly be "available" to the inmate within the meaning of the PLRA's exhaustion requirement. Accordingly, Plaintiff's claim should not be dismissed, at this time, for failure to exhaust.

## CONCLUSION

Based on the foregoing, Defendants' Pre-Answer Motion to Dismiss (Doc. No. 17), should be **DENIED**.

**SO REPORTED** and **RECOMMENDED** this ___13th___ day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

6