BOBBY DOTSON,

    Plaintiff,

v.                                         CIVIL ACTION NO.: CV606-065

CORY ALLEN; SOPHIA ARTHUR,
and JENNIFER CORBITT,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Hays State Prison in Trion, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was incarcerated at Georgia State Prison in Reidsville, Georgia. Defendant Arthur ("Arthur") filed a Motion for Summary Judgment. Plaintiff filed a Response and a Cross-Motion for Summary Judgment. For the reasons which follow, Arthur's Motion should be **GRANTED**. For these same reasons, Plaintiff's Cross-Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff alleges Defendant Allen assaulted him twice on the same day. Plaintiff contends Arthur assisted in the second assault by opening his cell door, which allowed Defendant Allen to enter his cell. Plaintiff also contends Arthur saw him throw water on Defendant Allen and knew it was Defendant Allen's intent to retaliate against him for this action. Plaintiff asserts Arthur ignored orders that she not open the cell door and to obtain back-up assistance.

AO 72A
(Rev. 8/82)

Arthur contends Defendant Allen asked her to open Plaintiff's cell door, so she assumed Plaintiff was handcuffed, pursuant to policy. Arthur asserts two officers were at Plaintiff's cell, which is also consistent with policy. Because of these facts, Arthur asserts, she opened Plaintiff's cell door, but she did not know or have any reason to know an officer would harm Plaintiff. Arthur alleges she heard the order to close Plaintiff's cell door, but she could not shut the door because Plaintiff was standing in the door's track. Arthur also alleges she could shut the door once Plaintiff was removed from the track. Arthur asserts she is entitled to summary judgment in her official capacities, as well as her individual capacities based on qualified immunity principles.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge her burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Plaintiff's Official Capacity Claims

Arthur asserts she was an employee of the State of Georgia at the time of the events giving rise to Plaintiff's Complaint. Accordingly, Arthur contends, she is entitled to summary judgment in her favor on Plaintiff's claims against her in her official capacity. Plaintiff asserts he has not brought suit against Arthur in her official capacity. (Doc. No. 82, p. 15).

The Eleventh Amendment protects states from being sued in federal court without their consent. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). A lawsuit against a state official in her official capacity is no different from a suit against a state

itself; such a defendant is immune. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67, 109 S. Ct. at 1210. Because the State of Georgia would be the real party in interest in a suit against Arthur in her official capacity, the Eleventh Amendment immunizes her from suit in her official capacity for monetary damages. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). To the extent Plaintiff seeks to hold Arthur liable in her official capacity as a prison official at Georgia State Prison, Arthur is entitled to summary judgment on Plaintiff's monetary damages claims pursuant to Eleventh Amendment immunity.

## II. Qualified Immunity

Arthur avers she was exercising her discretionary authority as a prison official at the time of the events detailed in Plaintiff's Complaint. Arthur also avers Plaintiff has not shown she had any reason to anticipate another officer's attack on Plaintiff or that she knew Plaintiff was at the risk of harm. Arthur asserts her conduct was not objectively sufficiently serious, nor did she act with deliberate indifference or reckless disregard to Plaintiff's safety. Arthur contends she opened Plaintiff's cell door only when she believed proper procedure was in place, i.e., two officers were present and her belief Plaintiff was handcuffed. Arthur alleges the evidence reveals she immediately responded to stop the other officer's assault of Plaintiff. Arthur contends the most Plaintiff has shown was that she was negligent in opening Plaintiff's cell door, but, even if she were negligent, this would be insufficient to allow Plaintiff to sustain his claims against her.

Plaintiff asserts Arthur assisted in the second assault by opening his cell door, despite receiving orders from the officer in charge not to open his door. Plaintiff contends Arthur saw him throw water on Defendant Allen and knew Plaintiff was not handcuffed before she opened the door. Plaintiff also contends he was not standing in the door track of his cell, which would have prevented her from closing the door, and that Arthur did not immediately attempt to close his door.

Qualified immunity protects a government official performing discretionary functions from suit in her individual capacity, so long as her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1232 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002)). A government official must first prove that she was acting within her discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). A government official acts within her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority. Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1303 (11th Cir. 2006). Once the government official has shown she was acting within her discretionary authority, the burden shifts to the Plaintiff to show that the Defendant is not entitled to qualified immunity.

The Supreme Court has established a two-part test to determine the applicability of qualified immunity: First, the court must determine whether plaintiff's allegations, if true, establish a constitutional violation. Hope, 536 U.S. at 736, 122 S. Ct. at 2513. If, under the plaintiff's allegations, the defendants would have violated a constitutional

right, then "the next, sequential step is to ask whether the right was clearly established." Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001); Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).

The Eighth Amendment imposes a duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974, 128 L. Ed. 2d 811 (1994) (citations omitted). Thus, a prison inmate has a constitutional right to be protected from the threat of violence and from physical assault. See Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986). In order to state a section 1983 cause of action against prison officials in this regard, however, a plaintiff must allege at least some degree of conscious or callous indifference on the part of officials. Id. (citing Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982)). Only where there is "a strong likelihood, rather than a mere possibility[,]" of a known risk of injury does a correctional officer's failure to act amount to deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting Edwards v. Gilbert, 867 F.2d 1271, 1276 (11th Cir. 1989)). In Hopkins v. Britton, 742 F.2d 1308, 1310 (11th Cir. 1984), the court similarly suggested that the knowledge of danger, coupled with the failure to act, might warrant a finding of deliberate indifference.

There is no evidence before the Court to contradict Arthur's assertion that, at the time of the alleged incident, she was acting within her discretionary authority. Accepting Plaintiff's version of events as true, it appears that Arthur may have violated Plaintiff's constitutional right to be free from cruel and unusual punishment. However, the next

step in the qualified immunity inquiry-- whether Arthur violated clearly established law—presents a problem for Plaintiff. There is no evidence before the Court that Arthur was aware of a "strong likelihood" that Defendant Allen would assault Plaintiff once she opened the cell door, even accepting as true Plaintiff's contention Arthur witnessed him throwing liquid on Allen and Allen directed her to open Plaintiff's cell door.[1] As a matter of law, Plaintiff has failed to show Arthur is not entitled to qualified immunity from suit in her individual capacity.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Arthur's Motion for Summary Judgment (Doc. No. 72) be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Cross-Motion for Summary Judgment (Doc. No. 79) be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of August, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff admits once Stoutmire pushed him back into his cell, Arthur heard his order to close the cell door and complied. Plaintiff's issue appears to be that Arthur did not respond *immediately*. (Doc. No. 82, p. 2).