BOBBY DOTSON,

    Plaintiff,

v.      CIVIL ACTION NO.: CV606-065

CORY ALLEN; SOPHIA ARTHUR,
and JENNIFER CORBITT,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Hays State Prison in Trion, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was incarcerated at Georgia State Prison in Reidsville, Georgia. Plaintiff filed a Motion for Partial Summary Judgment against Defendant Allen ("Allen"). Allen filed a Response. For the reasons which follow, Plaintiff's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff alleges Allen assaulted him on two occasions. Plaintiff asserts Allen threw a hot liquid on him, which caused him to have burns on his body. Plaintiff also asserts he informed the officer in charge about what Allen did. Plaintiff contends the officer in charge and Allen came to his cell, and at that time, Plaintiff claims he got a cup of water from his sink and threw it on Allen. Plaintiff asserts Allen came into his cell and began hitting him and that they started "grabbing and swinging at each other." (Doc.

No. 58, p. 2). Plaintiff alleges Allen grabbed his left ring finger and bent it backward, and that Plaintiff later required surgery to repair the resulting injury to his finger.

Allen avers Plaintiff's motion ignores the proper summary judgment standards and seeks a ruling upon issues which can only be decided by the trier of fact. Allen asserts Plaintiff's motion is "absolutely without merit" and should be denied. (Doc. No. 68, p. 3).

## **STANDARD OF DETERMINATION**

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no

genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends Allen assaulted him two (2) times on the same day and that he suffered injuries as a result. Plaintiff also contends Allen instructed another officer to open his cell door, which was unlawful, and attacked Plaintiff. Plaintiff further contends Allen has created "sham" affidavits in an attempt to cover up his illegal activities. (Doc. No. 58, p. 3). Plaintiff alleges Allen admitted to entering his cell. Plaintiff also alleges Allen tampered with statements and doctored his own statements detailing the events of the day in question. Plaintiff states Allen knowingly and willingly violated clearly established policies. Finally, Plaintiff contends Allen resigned his position at Georgia State Prison due to his actions, which is an admission of guilt on his part.

Allen avers he did not throw any liquid on Plaintiff, whereas it is undisputed Plaintiff threw hot water on him. Allen contends he asked for Plaintiff's cell door to be opened because he intended to confront Plaintiff about throwing hot water on him; however, another officer stood in his way. Despite this obstacle, Allen asserts, he and

Plaintiff were able to land a few hits on each other. Allen also asserts he never grabbed, held, or bent Plaintiff's fingers or hands. Allen alleges Plaintiff's claims are contested by the evidence in this case, and Plaintiff only raises in his motion issues to be determined by the finder of fact.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, and the extent of injury that the inmate suffered. Id. at 321, 106 S. Ct. at 1085.

Plaintiff submitted his declaration in support of his motion for summary judgment, and this declaration indicates Allen threw a hot liquid on Plaintiff. According to this same document, Plaintiff threw a cup of water from his sink on Allen, and after that, Allen "attacked" Plaintiff. (Doc. No. 58, p. 1). Plaintiff states Allen grabbed his finger

and bent it backward. Plaintiff also states he suffered injuries from both of these incidents.

Allen denies throwing liquid on Plaintiff at any time. Allen states Plaintiff threw an extremely hot liquid on him, which resulted in second degree burns. Allen also states he attempted to enter Plaintiff's cell but was prevented from doing so by another officer. Allen denies having bent or held Plaintiff's hands or fingers; however, Allen does admit to landing "at least one blow to the top of Plaintiff's head". (Allen Aff., ¶ 8.) Allen contends Plaintiff was able to hit him several times.

The parties' evidence reveals the existence of genuine issues of material fact, thus precluding the granting of summary judgment. The trier of fact should determine Plaintiff's and Allen's credibility. The trier of fact should also determine whether the amount of force Allen used was excessive or reasonable under the circumstances presented in this case.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Motion for Partial Summary Judgment against Defendant Allen (Doc. No. 58) be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of August, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE