IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOBBY DOTSON,

    Plaintiff,

v.

CIVIL ACTION NO.: CV606-065

CORY ALLEN; SOPHIA ARTHUR,
and JENNIFER CORBITT,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Hays State Prison in Trion, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was incarcerated at Georgia State Prison in Reidsville, Georgia. Plaintiff filed a Motion for Partial Summary Judgment against Defendant Corbitt ("Corbitt"). Corbitt filed a Response and a Cross-Motion for Summary Judgment. For the reasons which follow, Plaintiff's Motion should be **DENIED**. For these same reasons, Corbitt's Cross-Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff alleges Defendant Allen assaulted him twice on the same day. Plaintiff also alleges Corbitt, a nurse at Georgia State Prison, did not provide him with proper medical care for injuries he sustained as a result of these assaults.

Corbitt asserts Plaintiff's alleged injuries were not "serious". Corbitt also asserts, however, even if the Court were to find Plaintiff suffered serious injuries, she was not deliberately indifferent to Plaintiff's serious medical needs.

AO 72A
(Rev. 8/82)

## **STANDARD OF DETERMINATION**

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge her burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a

court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends Defendant Allen assaulted him two (2) times on the same day and that he suffered injuries as a result. Plaintiff also contends he requested to go to the medical unit at Georgia State Prison in order to receive medical treatment for these injuries. Plaintiff contends Corbitt refused to examine or to treat him, despite being visibly burned and having a dislocated finger. Plaintiff avers he was treated for minor and second degree burns and a dislocated finger two days later by another member of the medical staff. Plaintiff also avers he underwent surgery to repair a torn tendon in his left ring finger.

Corbitt asserts Plaintiff did not respond to her questions about his injuries, nor did he complain about being injured. Corbitt alleges Plaintiff refused to allow her to check his blood pressure, heart and respiratory rates, temperature, and weight. Corbitt also alleges she performed a visual examination of Plaintiff, during which she noticed an old abrasion on Plaintiff's head. Corbitt further alleges she told Plaintiff to return to sick call, if necessary. Corbitt asserts she completed a Use of Force Assessment and two (2) incident reports after she examined Plaintiff. The first incident report, Corbitt states, indicates Plaintiff made no complaints stemming from an alleged use of force incident, while the second report reveals Plaintiff's reports of burns to the right side of his head and his forearms; however, Corbitt asserts Sergeant Stoutamire relayed the information contained in her second incident report. Corbitt contends the only treatment she could

have provided Plaintiff, had she known of his injuries, was to tape his finger for immobilization, to give Tylenol for pain, and to give a cream to treat any burns Plaintiff may have had. Corbitt also contends Plaintiff would have had to wait until Monday, two days after Plaintiff was in sick call, to have an x-ray on his finger.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), forbidding a prison official from demonstrating deliberate indifference to the serious medical needs of inmates.

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted). As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute

deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)).

Plaintiff submitted a Declaration in Support of his Motion. In this Declaration, Plaintiff asserts he informed an officer that he needed to be treated for burns and a headache and that his hand was hurting. Plaintiff also asserts Corbitt said she "wrote [that] down." (Pl.'s Decl., p. 1). Plaintiff contends he had a cut on his head that was bleeding, and his hands and arms were swollen, red, and blistered. Plaintiff avers he complained about being in pain. Plaintiff also avers Corbitt ignored his "obvious pain and injuries" and refused to examine him or provide him with medical treatment. Plaintiff alleges he was not provided medical treatment until two (2) days after he was injured, at which time the doctor diagnosed and treated him for minor and second degree burns. Plaintiff states he was given an x-ray, which revealed his finger was dislocated, and he later had surgery to repair a torn tendon.

Plaintiff also submitted two (2) Medical Encounter Forms dated December 19, 2005, which was two (2) days after Plaintiff was allegedly assaulted. (Pl.'s Exs. C1-2). These forms indicate Plaintiff complained of having a broken finger and receiving hot water burns. Plaintiff's finger was x-rayed, which was found to be hyperextended, and he received treatment for burns. Plaintiff was referred to the orthopedic specialist for a consultation, and Dr. Paul Lorenzen repaired Plaintiff's flexor tendon of his left hand. (Pl.'s Ex. H).[1]

Corbitt and Plaintiff submitted the Use of Force Assessment Form. This form reveals Plaintiff was cooperative, yet he refused to allow Corbitt to take his vital signs.

---

[1] Plaintiff also submitted photocopies of pictures taken of him after the alleged assault. (Pl.'s Ex. B.) However, these pictures are of such poor quality, the undersigned is unable to determine anything from them.

Corbitt noted Plaintiff had an old abrasion on the right side of his head. (Def.'s Ex. 1; Pl.'s Ex. G). Corbitt also noted Plaintiff made no statement regarding the use of force. (Def.'s Exs. 1-2; Pl.'s Ex. G-F). An Incident Report signed by Corbitt indicates Plaintiff alleged an officer threw hot water on him, but no burns were noted. (Def.'s Ex. 3; Pl.'s Ex. A).[2]

The parties have submitted evidence which presents genuine issues of material fact, thus precluding the grant of summary judgment in either party's favor. The trier of fact should determine whether: Plaintiff had sufficiently serious medical needs; Corbitt knew Plaintiff had serious medical needs; and Corbitt ignored Plaintiff's serious medical needs.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Motion for Partial Summary Judgment against Defendant Corbitt (Doc. No. 81) be **DENIED**. It is also my **RECOMMENDATION** that Defendant Corbitt's Cross-Motion for Summary Judgment (Doc. No. 60) be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of August, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] Corbitt also submitted her affidavit. (Def.'s Ex. A). Corbitt's affidavit is largely comprised of details set forth in her statement of facts, and the undersigned finds it unnecessary to restate these facts. The undersigned instead notes the evidentiary value of Corbitt's affidavit for purposes of the motions before the Court.