FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 NOV 29 PM 4:51
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOBBY DOTSON,

    Plaintiff,

v.        CASE NO. CV606-65

CORY ALLEN, SOPHIA ARTHUR,
and JENNIFER CORBITT,

    Defendants.

## O R D E R

This case is before the Court on the parties' cross-motions for summary judgment. (Docs. 58, 60, 72, 79, 81, 93, 95, & 97.) After a careful de novo review of the record in this case, the Court makes the following holdings:

First, with respect to the claims against Defendant Arthur, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation (Doc. 93) is **ADOPTED** as the opinion of the Court. Defendant Arthur's Motion for Summary Judgment (Doc. 72) is **GRANTED**, and Plaintiff's Cross-Motion for Summary Judgment (Doc. 79) is **DENIED**. All claims against Defendant Arthur are **DISMISSED WITH PREJUDICE**.

Second, with respect to the claims against Defendant Allen, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation (Doc. 95) is **ADOPTED** as the opinion of the Court, and Plaintiff's Motion for Partial Summary Judgment (Doc. 58) is **DENIED**. The claims against Defendant Allen remain pending.

Third, with respect to the claims against Defendant Corbitt, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed by both parties.

Plaintiff alleges that Defendant Corbitt, a nurse at Georgia State Prison, failed to provide him with medical care for injuries he sustained in an altercation with a corrections officer. Plaintiff suffered a dislocated finger, which later required surgery, and second degree burns. Defendant Corbitt contends that she is entitled to summary judgment because Plaintiff's medical needs were not serious.

Courts have identified a range of medical needs that are serious enough to require medical attention as a matter of constitutional right. Although Plaintiff's dislocated finger and other injuries were not life threatening,

2

evidence of recent traumatic injury is generally sufficient to demonstrate a serious medical need. See Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990)(broken foot); H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir. 1986)(soft-tissue shoulder injury); Aldridge v. Montgomery, 753 F.2d 970, 972-73 (11th Cir. 1985)(one and a half inch bleeding cut under the eye). The Court finds that a dislocated finger is of similar seriousness to the injuries in these cases and that a jury would be entitled to find that Plaintiff's injuries were serious.

Plaintiff objects to the Report and Recommendation because he contends that he did not receive Defendant Corbitt's Motion for Summary Judgment and related filings. He contends that he was not given an opportunity to respond to her Motion for Summary Judgment. However, because this Order is favorable to Plaintiff, by denying Defendant Corbitt's Motion, this objection is moot.

Accordingly, the Report and Recommendation of the Magistrate Judge (Doc. 97) is **ADOPTED** as the opinion of the Court. Plaintiff's Motion for Partial Summary Judgment against Defendant Corbitt (Doc. 81) is **DENIED**, and Defendant Corbitt's Motion for Summary Judgment (Doc. 60)

is **DENIED.** The claims against Defendant Corbitt remain pending.

Plaintiff's request for appointment of counsel is **DENIED.**

SO ORDERED this 29th day of November, 2007.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA